UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYRUS HAZARI,<br><br>  Plaintiff,<br><br>  v.<br><br>SUPERIOR COURT OF SANTA CLARA COUNTY ET AL, et al.,<br><br>  Defendants. | Case No. 21-cv-04262-JSW<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE AND ADMONISHMENT TO PLAINTIFF**<br><br>Re: Dkt. No. 38 |

On August 25, 2021, the Court granted Plaintiff's request to file medical records under seal, and on September 8, 2021, it granted another motion to file medical records under seal, granted a motion to stay this matter, and denied Defendant Mandy Brady's pending motion to dismiss without prejudice. In the latter order, the Court stated it would not preclude Ms. Brady from seeking leave to lift the stay, if she could show good cause for doing so. Ms. Brady subsequently asked the Court to require Plaintiff to show cause why his medical records should remain under seal so that she could review them to determine if good cause exists to lift the stay. On September 27, the Court Ordered Plaintiff to show cause, in writing why he should not be required to **serve** his motions to seal and the accompanying documents on Ms. Brady. Plaintiff timely filed response, and Ms. Brady submitted a reply.

Although Plaintiff is proceeding pro se, he is expected to follow the rules of procedure. *See, e.g., King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."). Under the Federal Rules of Civil Procedure, a party may serve documents by mail or by other means when the person on whom service is made has consented in

writing.  Fed. R. Civ. P. 5(b)(2)(C), (E), (F).  In addition, unless otherwise provided "a written motion, except one that may be heard *ex parte*" must be served on every party.  Fed. R. Civ. P. 5(a)(1)(D).  This Court's Civil Local Rules provide that a party may file an *ex parte* motion "only if a statute, Federal Rule, local rule, or Standing Order authorizes *ex parte* filing. The motion must include a citation to the statute, rule, or order which permits the use of an *ex parte* motion to obtain the relief sought." N.D. Civ. L.R. 7-10.

The Court issued the Order to Show Cause for the limited purpose of determining whether Plaintiff had a basis *not* to serve Ms. Brady with documents that have been filed.  It has not lifted the general stay of proceedings.  Apart from the response ordered, the only other action the Court would require of Plaintiff would be to mail Docket Nos. 3 and 34, which consist of a total of 34 pages, to Ms. Brady's attorney.  Plaintiff states that he should not be required to serve Ms. Brady with the information provided under seal because of privacy concerns, and he continues objects to disclosing that information to all parties in this matter.  Plaintiff did not cite, and to date, has not cited any authority to show that his motions to seal could be filed on an ex parte basis.  He states that he is unable to show cause at this time because he "cannot access law or precedent or form legal arguments because of [his] current condition." (Resp. at 10; *see id.* at 11.)  Plaintiff also states that Ms. Brady's counsel "have been privy to [his] medical records … since 2018," and he has filed at least one of the letters previously placed under seal with his filing as Exhibit 1.  That document is dated August 2021.  (*Id.* at 11, 17.)

The Court will not require Plaintiff to serve Ms. Brady with Docket Nos. 3 and 34 at this time because it concludes that if Ms. Brady wishes to move to lift the stay, she could do so without those materials.  **Going forward, if Plaintiff seeks to file materials under seal, he must: (1) serve a copy on all parties who have appeared; OR (2) demonstrate to the Court that an *ex parte* filing is appropriate.**

**IT IS SO ORDERED**.

Dated:  November 2, 2021

_____
JEFFREY S. WHITE
United States District Judge

2