UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYRUS HAZARI,<br><br>    Plaintiff,<br><br>    v.<br><br>SUPERIOR COURT OF SANTA CLARA COUNTY ET AL, et al.,<br><br>    Defendants. | Case No. 21-cv-04262-JSW<br><br>**ORDER GRANTING, IN PART, FOURTH MOTION TO SEAL AND DIRECTING PLAINTIFF TO SERVE MOTION AND EXHIBIT ON DEFENDANT; VACATING HEARING AND GRANTING, IN PART, MOTION TO STAY PENDING APPEAL**<br><br>Re: Dkt. Nos. 63, 64 |

    This matter comes before the Court upon Plaintiff Cyrus Hazari's ("Mr. Hazari") fourth administrative motion to seal medical information. Also before the Court is Mr. Hazari's motion to stay pending an appeal filed with the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit"). Mr. Hazari noticed that motion on an emergency basis for a hearing on July 21, 2022, the day before his opposition to Defendant Mandy Brady's ("Ms. Brady") motion to dismiss is due. Ms. Brady has opposed both motions. The Court VACATES that hearing because the motion to stay can be resolved without a hearing. *See* N.D. Civ. L.R. 7-1(b).

    The Court GRANTS, IN PART, Mr. Hazari's motion to seal. The Court DENIES the motion to seal the actual motion, because it does not contain specific information about his medical condition. The Clerk is directed to file that document in the public record.

    The Court GRANTS the motion to seal the exhibit in support of the motion. However, Mr. Hazari did not comply with this Court's prior order directing him to serve motions to seal on all parties or demonstrate why the materials should be filed ex parte. *See* Dkt. No. 42. Because Mr. Hazari has not demonstrated that an *ex parte* filing is appropriate, he is ORDERED to serve a copy of that letter on Ms. Brady through her counsel by July 22, 2022, and shall file a proof of service

with the Court. If he fails to do so, the Court will direct the Clerk to serve a copy of the letter on Ms. Brady through counsel. **The Court ORDERS that the letter shall not be disclosed to any other person and shall only be considered in connection with this litigation. It shall not be filed in the public record unless expressly ordered by the Court.**

Mr. Hazari also moves to stay the Court's Order lifting the stay it had imposed in this case, pending resolution of his appeal to the Ninth Circuit.[1] Under Federal Rule of Appellate Procedure 8, a motion for a stay pending appeal should be made to the District Court in the first instance. Fed. R. App. 8(a)(1)(A).[2] That Order requires him to respond to Ms. Brady's motion to dismiss by July 22, 2022. Because the appeal directly implicates the Court's Order lifting the stay and the impending deadline, the Court will GRANT Plaintiff's motion to stay the deadline to respond to Ms. Brady's motion to dismiss.

Accordingly, the Court STAYS the deadline by which Plaintiff must respond to Ms. Brady's motion to dismiss until the Ninth Circuit has determined whether it will consider his appeal. If the Ninth Circuit accepts the appeal, that deadline will be tolled until 30 days after resolution of the appeal. If the Court of Appeals declines to consider the appeal, Hazari shall respond to the motion within 30 days of the date of any order dismissing the appeal.

**IT IS SO ORDERED**.

Dated: July 19, 2022

_____
JEFFREY S. WHITE
United States District Judge

---

[1] Mr. Hazari is correct that one of this Court's colleagues has granted Mr. Hazari's request to stay other litigation for approximately three years. *See Hazari v. County of Santa Clara*, No. 19-cv-04392-BLF. However, there is no indication in that case that any of the opposing parties have opposed Mr. Hazari's requests to stay the matter. *See, e.g., id.,* Dkt. No. 51.

[2] Mr. Hazari has attached a motion to stay directed to the Court of Appeals, in which he argues that moving for a stay in this Court would be impracticable.