UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYRUS HAZARI,<br><br>   Plaintiff,<br><br>  v.<br><br>SUPERIOR COURT OF SANTA CLARA COUNTY ET AL, et al.,<br><br>   Defendants. | Case No. 21-cv-04262-JSW<br><br>**ORDER DENYING MOTION TO WITHDRAW**<br><br>Re: Dkt. No. 69 |

On July 21, 2022, Plaintiff, Cyrus Hazari ("Mr. Hazari") filed a motion asking that his requests for disability accommodation be withdrawn from consideration by the undersigned, which the Court construes as a request to recuse itself from any further consideration of Mr. Hazari's requests to accommodate his disabilities by staying this litigation. For the reasons that follow, the Court DENIES the request. to the extent Mr. Hazari intended to ask the Court to recuse itself from this case, the Court DENIES that request as well.

Mr. Hazari has been diagnosed with M.S., and he has asked the Court for repeated stays until his illness permits him to fully participate in litigation. The only Defendant to appear in this case, Mandy Brady ("Ms. Brady"), opposes any further stays. On July 1, 2022, the Court lifted the stay it had imposed and directed Mr. Hazari to respond to Ms. Brady's motion by July 22, 2022. Mr. Hazari appealed that order and moved to stay pending appeal. On July 19, 2022, the Court granted that motion and has stayed proceedings in this case pending resolution of the appeal.

Mr. Hazari has not cited to any legal authority to support his request. However,

> [w]henever a party to any proceeding in a district court makes and
> files a timely and sufficient affidavit that the judge before whom the

> matter is pending has a personal bias or prejudice either against himor in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. Mr. Hazari did not file an affidavit, and the case has been pending since 2021. However, the Court is not denying the request for those reasons.

Pursuant to Section 144, the judge assigned to the case may pass on the legal sufficiency of the motion and only after legal sufficiency is established does it become the duty of that judge to proceed no further. *See United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978). The inquiry is addressed to the facial sufficiency of the affidavit and not to the truth or falsity of the facts therein. *See United States v. Montecalvo*, 545 F.2d 684, 685 (9th Cir. 1976). The Court concludes that Mr. Hazari has not demonstrated that recusal is warranted under Section 144. The Court bears Mr. Hazari no ill will. It has worked to reasonably balance the parties' respective rights to have their days in court.

The Court also takes into consideration 28 U.S.C. section 455, which provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455 imposes an affirmative duty upon judges to recuse themselves when "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). The provisions of Section 455 "require recusal only if the bias or prejudice stem from an extrajudicial source and not from conduct or rulings made during the course of the proceeding." *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988).

Mr. Hazari's request for the undersigned to recuse himself is based on the Court's rulings denying his request for a further stay or from other matters that have occurred during the course of

2

1   the proceedings.  Therefore, Section 455 does not provide a basis for recusal.

2       Accordingly, the Court DENIES the request to withdraw.

3   **IT IS SO ORDERED**.

4   Dated: July 22, 2022

_____
JEFFREY S. WHITE
United States District Judge