UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYRUS HAZARI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SUPERIOR COURT OF SANTA CLARA COUNTY ET AL, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-04262-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 13 |

　　　　Now before the Court for consideration is the motion to dismiss filed by Defendant Mandy Brady ("Ms. Brady"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and for the reasons set forth in this Order, it GRANTS Ms. Brady's motion. The Court dismisses the claims against Ms. Brady with prejudice. However, because the Court cannot determine it would be futile to amend as to other Defendants, the Court will give Mr. Hazari an opportunity to amend on the terms set forth at the conclusion of this Order.

**BACKGROUND**

　　　　On June 3, 2021, Mr. Hazari filed his complaint in this case. In addition to naming Ms. Brady as a defendant, Mr. Hazari names the Superior Court of Santa Clara County ("Santa Clara Superior Court"), the Court of Appeal for the Sixth District, the California Supreme Court, the Judicial Council, and the State of California (collectively the "Judicial Defendants"). (*See* Dkt. Nos. 1 and 2, Compl., at 1-3.)[1]

　　　　Mr. Hazari stated that he was unable to fully document all of his claims and the facts supporting those facts because he suffers from multiple sclerosis and filed his complaint in an

---

[1] Docket No. 2 is not a separate filing and actually contains the exhibits to Mr. Hazari's complaint. (*See* Dkt. No. 33, Order at 1 n.1.)

effort to toll any statutes of limitations. Mr. Hazari asked for a stay of all proceedings, pursuant to the Americans with Disabilities Act. (*Id.* at 4-5, 11.)[2]

In his complaint, Mr. Hazari purports to remove a number of cases from state court and asserts that because of "systematic and deliberate" violations of the ADA by state court judges, he has no other recourse than to adjudicate these cases in this forum. According to Mr. Hazari, each of the cases were adjudicated and concluded before he could fully participate. In brief, Mr. Hazari alleges he has been excluded from the California courts because of the failure to accommodate his alleged disability. (*See generally id.* at 5-8, 9-10 & Exs. 1-5.)

One of the cases Mr. Hazari purported to remove is a property dispute between him and Ms. Brady. (*See, e.g.,* Compl., Ex. 2.) On February 23, 2021, the Superior Court struck Mr. Hazari's complaint and cross-cross complaint in that case and entered judgment in Ms. Brady's favor. (Dkt. No. 14, Request for Judicial Notice ("RJN"), Ex. A.) Mr. Hazari appealed that decision, but the Court of Appeal dismissed the appeal on procedural grounds on April 19, 2022. (Dkt. No. 101, Reply RJN, Exs. 11-12.)

The Court will address additional facts as necessary in the analysis.

**ANALYSIS**

**A.     Applicable Legal Standards.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. Because Mr. Hazari is proceeding *pro se*, the Court must construe his pleadings liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, the Court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Even under the liberal pleading standard of Rule 8(a)(2), a plaintiff must provide more than mere

---

[2]     The Court has granted stays in this case over Ms. Brady's objection. On July 1, 2022, the Court lifted the stay and reset the briefing schedule on Ms. Brady's motion. Mr. Hazari appealed that Order, but the Ninth Circuit dismissed his appeal for lack of jurisdiction. On October 7, 2022, Mr. Hazari filed a declaration of prejudice. The Court previously determined Mr. Hazari had not demonstrated that the Court should recuse itself from this matter, and it does not find any reason to revisit that decision.

labels, conclusions, and formulaic recitations of their claims' requisite elements. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In general, the Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

The Court normally does not consider material outside the pleadings to resolve a motion to dismiss but it may consider matters that are properly subject to judicial notice. *See e.g., Khoja v. Orezigen Therapeutics, Inc.*, 899 F.3d 988, 1002-03 (9th Cir. 2018); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

**B.     The Court Dismisses the Complaint, With Leave to Amend in Part.**

Mr. Hazari purports to remove cases that he filed in state court. 28 U.S.C. section 1441(a) allows a defendant, not a plaintiff, to remove a case. *See* 28 U.S.C. § 1441(a); *cf. Home Depot U.S.A. v. Jackson*, 139 S.Ct. 1743, 1747-50 (2019).[3] The normal procedure would be to remand improperly removed cases. But, the record in this case demonstrates that most, if not all, of those cases had been terminated at the trial court level before Mr. Hazari filed his complaint. (*See, e.g.,* Dkt. No. 21, Brady RJN Re Objections to Improper Removal, ¶¶ 1-6, Exs. A-F.) To the extent Mr. Hazari contends these cases must be removed so that this Court can relitigate them, the Court

---

[3]     Ms. Brady also argues that subject matter jurisdiction is lacking because Mr. Hazari fails to allege all parties are diverse. That is true. However, when the Court reviews the pleadings liberally Mr. Hazari appears to allege that other named defendants violated the ADA, which would provide the Court with federal question jurisdiction.

3

dismisses his complaint against all named Defendants.[4]

Ms. Brady argues the Complaint includes no facts that would support a claim against her. The Court agrees.[5] Mr. Hazari may disagree with the results of their state court litigation, but a review of those decisions is beyond the purview of this Court. Moreover, Mr. Hazari does not include any facts in his Complaint that would support a claim that Ms. Brady engaged in conduct that violated his rights under the ADA. Therefore, the Court GRANTS her motion to dismiss. Mr. Hazari does include argument about Ms. Brady's alleged conduct in his opposition brief, which the Court has considered to determine if he should be granted leave to amend. Having considered those arguments, which do not suggest conduct that could give rise to a federal claim, the Court concludes amendment to assert a claim against Ms. Brady would be futile.

Mr. Hazari asserts that the Judicial Defendants engaged in conduct that violated his rights under the ADA. While he cannot remove the cases to be re-litigated in this Court, and while he may have a difficult time overcoming potential statutes of limitation or issues of judicial immunity, at this time the Court cannot say amendment would be futile. Accordingly, the Court will grant Mr. Hazari leave to amend to plead claims that are based on direct violations of his rights under the ADA. If Mr. Hazari chooses to amend, he shall:

1. Include the date or dates on which the alleged violation or violations occurred.
2. Clearly specify the individual or entity that he claims violated his right by failing to accommodate his alleged disability.
3. Clearly identify the specific conduct that he claims did not reasonably accommodate his disability.

Mr. Hazari shall file an amended complaint and proposed summons by no later than April 17, 2023, and he shall serve any defendant named in the amended complaint no later than 90 days thereafter.

---

[4] On August 2, 2021, Mr. Hazari filed a declaration that attached notices of removal of the cases referenced in his complaint. Ms. Brady objected to that procedure on August 6, 2021. (*See* Dkt. Nos. 18, 20-21.)

[5] Because the Court dismisses on this basis, it does not address Ms. Brady's argument that Mr. Hazari's allegations are not sufficient to show the Court would have jurisdiction over her.

With respect to Ms. Brady, the Court concludes there is no just reason for delay and shall enter judgment pursuant to Federal Rule of Civil Procedure 54(b).

**IT IS SO ORDERED**.

Dated: October 18, 2022

_____
JEFFREY S. WHITE
United States District Judge