UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYRUS HAZARI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SUPERIOR COURT OF SANTA CLARA COUNTY ET AL, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-04262-JSW<br><br>**ORDER DENYING MOTION FOR REHEARING**<br><br>Re: Dkt. No. 130 |

　　　This matter comes before the Court upon consideration of the motion for rehearing accommodations for survival and recovery filed by Plaintiff Cyrus Hazari ("Mr. Hazari").

　　　Mr. Hazari filed this case on June 3, 2021 against, among others, the Superior Court of Santa Clara County ("Santa Clara Superior Court"), the Court of Appeal for the Sixth District, the California Supreme Court, the Judicial Council, and the State of California (collectively the "Judicial Defendants") as Defendants. (See Dkt. Nos. 1 and 2, Compl., at 1-3.) When he filed his complaint, Mr. Hazari stated that he was unable to fully document all of his claims and the facts supporting those claims because he suffers from multiple sclerosis. He also stated that he filed his complaint in an effort to toll any statutes of limitations and for a stay of all proceedings, pursuant to the Americans with Disabilities Act. (*Id.* at 4-5, 11.)

　　　Mr. Hazari moved to relate this case to a case pending before Judge Beth Labson Freeman, *Hazari v. County of Santa Clara*, 19-cv-4392-BLF. Judge Freeman determined the cases were not related. (Dkt. No. 31.)

　　　In his complaint, Mr. Hazari also purported to remove a number of cases from state court on the basis that the state court judges had systematically and deliberately violated the ADA. According to Mr. Hazari, he had no other recourse but to file in this forum and asserted that those

cases were adjudicated and concluded before he could fully participate. In brief, Mr. Hazari alleged he has been excluded from the California courts because they have failed to accommodate his disability. (*See generally id.* at 5-8, 9-10 & Exs. 1-5.)

One of the cases Mr. Hazari purported to remove was a property dispute between him and Mandy Brady ("Ms. Brady"). (*See, e.g.,* Compl., Ex. 2.) On February 23, 2021, the Superior Court struck Mr. Hazari's complaint and cross-cross complaint in that case and entered judgment in Ms. Brady's favor. (Dkt. No. 14, Request for Judicial Notice ("RJN"), Ex. A.) Mr. Hazari appealed that decision, but the Court of Appeal dismissed the appeal on procedural grounds on April 19, 2022. (Dkt. No. 101, Reply RJN, Exs. 11-12.)

The Court granted Mr. Hazari's request to stay this matter, for a time. The Court eventually set a briefing schedule on Ms. Brady's motion to dismiss the complaint. On October 18, 2022, the Court issued an Order on that motion. It held that to the extent Mr. Hazari purported to remove cases that he filed in state court, 28 U.S.C. section 1441(a) allows a defendant, not a plaintiff, to remove a case. Because most, if not all, of those cases had been terminated at the trial court level before Mr. Hazari filed his complaint, the Court dismissed the claims against all of the Defendants. (Dkt. No. 102, Order Granting Motion to Dismiss at 3:19-4:1.) The Court also dismissed the claims against Ms. Brady, with prejudice. (*Id.* at 4:2-10.)

The Court granted Mr. Hazari leave to amend claims against the Judicial Defendants "to plead claims that are based on direct violations of his rights under the ADA." (*Id.* at 4:15-16.) The Court also advised Mr. Hazari that if he chose to amend, he would be required to: "1. Include the date or dates on which the alleged violation or violations occurred. 2. Clearly specify the individual or entity that he claims violated his right by failing to accommodate his alleged disability. 3. Clearly identify the specific conduct that he claims did not reasonably accommodate his disability." (*Id.* at 4:17-21.)

Mr. Hazari moved to vacate that Order and then filed appeals, and the Court stayed the matter while the appeals were pending. On August 21, 2023, the Court lifted the stay and ordered Mr. Hazari to file his amended pleading by November 3, 2023. On September 28, 2023, the Court extended that deadline to May 3, 2024.

2

On March 17, 2024, Mr. Hazari filed a motion to continue the stay for a year. On March 19, 2024, and the Court denied the request for a stay beyond May 3, 2024. (Dkt. No. 129.)

In his most recent filing, Mr. Hazari suggests the Court's decision to deny any further stays deprives him of due process and violates a host of laws, treaties, and conventions. Mr. Hazari also continues to contrast this Court's decision with that of Judge Freeman, who has granted a request to stay her matter for a year. However, the complaint in that case remains pending and defendants have not opposed Mr. Hazari's requests for stays. There is no operative complaint in this case.

Accordingly, the Court DENIES the motion for rehearing. Mr. Hazari's amended complaint is due by no later than May 3, 2024. If he chooses to amend to plead claims that are based on direct violations of his rights under the ADA based on a failure to reasonably accommodate his disability, he shall: (1) include the date or dates on which the alleged violation or violations occurred; (2) clearly specify the individual or entity that he claims violated his rights; (3) clearly identify the specific conduct that he claims did not reasonably accommodate his disability; and (4) serve any defendant named in the amended complaint no later than 90 days after filing an amended complaint.

If Mr. Hazari does not file an amended complaint by May 3, 2024, the Court will dismiss this case without prejudice.

**IT IS SO ORDERED**.

Dated: April 16, 2024

_____
JEFFREY S. WHITE
United States District Judge