UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYRUS HAZARI,<br><br>    Plaintiff,<br><br>  v.<br><br>SUPERIOR COURT OF SANTA CLARA COUNTY ET AL, et al.,<br><br>    Defendants. | Case No. 21-cv-04262-JSW<br><br>**ORDER DENYING MOTION TO STAY PENDING APPEAL AND *SUA SPONTE* EXTENDING DEADLINE FOR SERVICE**<br><br>Re: Dkt. No. 135 |

On May 3, 2024, Plaintiff Cyrus Hazari filed an amended complaint pursuant to this Court's previous Orders setting that date as a deadline to amend. However, he states that this amended complaint still requires amendment, and he has not submitted proposed summonses. On May 16, 2024, Mr. Hazari filed a notice of appeal, in which he states he intends to appeal the Court's Order denying a motion for re-hearing and asks for a stay pending appeal.

Mr. Hazari "bears the burden of showing that the circumstances justify an exercise of" the Court's discretion to stay. *Nken v. Holder*, 556 U.S. 418, 433-34. The standards to obtain a stay pending appeal are similar to the standards required to obtain a preliminary injunction. *Id.* at 426. The Ninth Circuit also applies the sliding scale approach when considering requests for stays pending appeals and has noted that "a flexible approach is even more appropriate" in this context. *Al Otro Lado v. Trump*, 952 F.3d 999, 1007 (9th Cir. 2020) (internal quotations and emphasis omitted). "The first two factors ... are the most critical." *Nken*, 556 U.S. at 434; A court "consider[s] the last two factors if the first two factors are satisfied." *Doe #1 v. Trump*, 957 F.3d 1050, 1058 (9th Cir. 2020) (citing *Nken*, 556 U.S. at 435).

First, the Court considers whether Mr. Hazari has made a strong showing of the likelihood of success on the merits. Mr. Hazari appeals from the Order denying him a further extension of

time to file an amended complaint.  Mr. Hazari filed an amended complaint on May 3, 2024, as required by the Court.  He asserts that the complaint was filed under protest and remains incomplete, but he complied with the Court's deadline to get a complaint on file.  Therefore, the Court concludes he has not demonstrated a likelihood of success on the merits of the Order from which he appeals.

The Court also considers whether Mr. Hazari would be irreparably injured absent a stay.  Mr. Hazari argues that requiring him to fully participate in the litigation will irreparably injure him because of his medical conditions.  The Court has not ordered Mr. Hazari to "fully participate" in the litigation.  It simply set a deadline for him to amend his complaint, submit proposed summonses, and serve defendants.  Mr. Hazari has not yet filed summonses for the defendants named in the amended complaint.  *See* Fed. R. Civ. P. 4(b).  However, under the Federal Rules, Mr. Hazari has 90 days from May 3, 2024 to serve the defendants, *i.e.* by August 19, 2024.

The Court also must consider whether a stay would substantially injure other parties.  Because the defendants have not been served, that factor weighs in favor of granting the motion.  The Court also must consider where the public interest lies.  *Nken*, 556 U.S. at 426; *see also Doe #1 v. Trump*, 957 F.3d 1050, 1058 (9th Cir. 2020).  This case has now been pending for nearly three years.  The Court granted Mr. Hazari leave to amend to plead claims based on alleged violations of the Americans with Disabilities Act.  The Court concludes there is a public interest in moving this case forward.

Accordingly, the Court DENIES the motion to stay.  However, the Court finds good cause to *sua sponte* extend Mr. Hazari's deadline to obtain summonses and serve the Defendants.  Mr. Hazari shall serve the Defendants by October 31, 2024.  If he fails to meet that deadline, the Court will dismiss this case.

**IT IS SO ORDERED**.

Dated: May 29, 2024

_____
JEFFREY S. WHITE
United States District Judge