UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYRUS HAZARI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SUPERIOR COURT OF SANTA CLARA COUNTY, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-04262-JSW<br><br>**ORDER GRANTING MOTION FOR SHORTENED TIME – DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND FOR DISQUALIFICATION**<br><br>Re: Dkt. No. 145 |

This matter comes to the Court upon consideration of the motion to shorten time, the motions for a temporary restraining order, and the motion for a preliminary injunction and disqualification, filed by Plaintiff Cyrus Hazari ("Mr. Hazari").[1] In light of impending deadlines in this case, the Court finds good cause to grant the motion to shorten time. Mr. Hazari has been diagnosed with M.S., and he has asked the Court for repeated stays until his illness permits him to fully participate in litigation.

In his request for a temporary restraining order, Mr. Hazari argues that this Court should be enjoined from taking any further action in this case. Mr. Hazari previously moved the Court to recuse itself.

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

---

[1] Mr. Hazari's motion for a preliminary injunction includes a series of statements and invites the Court to respond "true" or "false" to those statements. The Court declines Mr. Hazari's invitation.

1

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

Pursuant to Section 144, the judge assigned to the case may pass on the legal sufficiency of the motion and only after legal sufficiency is established does it become the duty of that judge to proceed no further. *See United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978). The inquiry is addressed to the facial sufficiency of the affidavit and not to the truth or falsity of the facts therein. *See United States v. Montecalvo*, 545 F.2d 684, 685 (9th Cir. 1976). The Court once again concludes that Mr. Hazari has not demonstrated that recusal is warranted under Section 144.

The Court also considered 28 U.S.C. section 455, which provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455 imposes an affirmative duty upon judges to recuse themselves when "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). The provisions of Section 455 "require recusal only if the bias or prejudice stem from an extrajudicial source and not from conduct or rulings made during the course of the proceeding." *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988). Once again, Mr. Hazari's challenges to the undersigned presiding over this case is not based on an extrajudicial source. Therefore, Section 455 does not provide a basis for recusal.

Mr. Hazari filed an amended complaint on May 3, 2024, and the Court gave him until October 31, 2024 to obtain proposed summonses and serve the Defendants. To the extent Mr. Hazari's motion for a temporary restraining order and preliminary injunction seek relief from that deadline, the Court DENIES that request.

The Court's deadline of October 31, 2024 to obtain summonses and serve the Defendants remains in place. If Mr. Hazari fails to comply with that deadline, the Court will dismiss this case,

2

1  and Mr. Hazari may seek appellate relief of the Court's Orders.

2  **IT IS SO ORDERED**.

3  Dated: October 11, 2024

4  _____
   JEFFREY S. WHITE
5  United States District Judge